UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
CASE NO.:

| | |
|---|---|
| **KEITH BRODHEAD,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>  **Defendant.** | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant EQUIFAX INFORMATION SERVICES, LLC, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.* and for the common law tort of defamation.

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367.

3. The Plaintiff is a natural person and resident of the State of Arizona. He is a "consumer" as defined by 15 U.S.C § 1681 a(c).

## ALLEGATIONS AS TO PARTIES

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a limited liability company formed under the laws of the State of Georgia.

5. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C § 1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant is subject to jurisdiction in the State of Arizona and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of Arizona.

## FACTUAL ALLEGATIONS

8. On or about May 17, 2012, plaintiff desired to purchase a motor vehicle. Plaintiff thus visited an automobile dealership.

9. When plaintiff visited the automobile dealership, he desired to finance a vehicle of his choice. Thus plaintiff consented and authorized a review of a consumer report solely for the purposes of financing a vehicle.

10. Plaintiff was denied credit.

11. Much to his surprise, Plaintiff was informed that his credit file compiled and maintained listed him as being deceased.

12. Shortly thereafter when Plaintiff checked his credit profile compiled and maintained by the Defendant, he discovered that certain tradelines reported him as being deceased.

13. This representation is false. On or about May 17, 2012, Plaintiff was, and is to date, very much alive and well.

14. Naturally no lending institution will extend credit to a deceased individual or a living individual whose credit file erroneously reports him as deceased.

15. On or about August 1, 2012, November 7, 2012 and January 11, 2013, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the erroneous representations on his credit file.

16. Equifax responded to Plaintiff's dispute letters, claiming the information was reported correctly (Exhibit "B").

17. Upon the Plaintiff's request for verification and correction, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the false representation that Plaintiff was deceased.

18. Equifax failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

19. As a result of Equifax's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, auto loans so that Plaintiff can finance a motor vehicle.

20. As a result of Equifax's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on his student loans.

21. As a result of Equifax's negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products including, without limitation, a consolidation loan so that Plaintiff can obtain a better rate on his student loans.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

22. The Plaintiff realleges and incorporates ¶¶1-21 above as if fully set out herein.

23. Equifax willfully violated 15 U.S.C § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

24. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

25. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

26. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

27. The Plaintiff realleges and incorporates ¶¶1-26 above as if fully set out herein.

28. Equifax willfully violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

29. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

30. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

31. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n.

## THIRD CLAIM FOR RELIEF AGAINST EQUIFAX

32. The Plaintiff realleges and incorporates ¶¶1-31 above as if fully set out herein.

33. Equifax violated 15 U.S.C § 1681e(b) by negligently failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

34. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

35. Equifax's conduct, action and inaction was negligent, entitling the Plaintiff to recover damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C §1681o.

## FOURTH CLAIM FOR RELIEF AGAINST EQUIFAX

37. The Plaintiff realleges and incorporates ¶¶1-36 above as if fully set out herein.

38. Equifax violated 15 U.S.C § 1681i on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Plaintiff's creditors and/or creditors' attorneys; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

39. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

40. Equifax's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## EQUIFAX VIOLATED THE GENERAL STATUTES OF THE STATE OF ARIZONA
## FIFTH CLAIM FOR RELIEF AGAINST EQUIFAX

41. The Plaintiff realleges and incorporates ¶¶1-40 above as if fully set out herein.

42. Equifax willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

43. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

44. Equifax's conduct, action and inaction, was willful and malicious, rendering it liable for actual damages in an amount to be determined by the Court pursuant to Title 44-1695C.

45. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to Title 44-1695C.

## SIXTH CLAIM FOR RELIEF AGAINST EQUIFAX

46. The Plaintiff realleges and incorporates ¶¶1-45 above as if fully set out herein.

47. Equifax willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

48. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

49. Equifax's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 44-1695C.

50. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to Title 44-1695C.

## SEVENTH CLAIM FOR RELIEF AGAINST EQUIFAX

51. The Plaintiff realleges and incorporates ¶¶1-50 above as if fully set out herein.

52. The Plaintiff realleges and incorporates ¶¶1-38 above as if fully set out herein.

53. Equifax willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

54. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the

mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

55. Equifax's conduct, action and inaction, was grossly negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to Title 44-1695C.

56. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to Title 44-1695C.

### EIGHTH CLAIM FOR RELIEF AGAINST EQUIFAX

57. The Plaintiff realleges and incorporates ¶¶1-56 above as if fully set out herein.

58. Equifax willfully violated Title 44-1695C by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

59. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

60. Equifax's conduct, action and inaction, was willful and malicious, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to Title 44-1695C.

61. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to Title 44-1695C.

## PRAYER FOR RELIEF

Plaintiff, Keith Brodhead prays that this Court:

1. Declare that Defendant violated the FCRA;

2. Enter judgment in favor of Plaintiff Brodhead and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by the FCRA;

3. Enter judgment in favor of Plaintiff Brodhead and against Defendant, for statutory, actual and punitive damages, costs, and reasonable attorneys' fees as provided by Title 44 of the Arizona Revised Statutes

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Keith Brodhead, demands trial by jury.

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Dated: June 18, 2013

*[signature]*

40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:   (212) 766-3322
abel@apierrelaw.com
**Attorney for Plaintiff**